UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND MERRIMAN,<br><br>    Plaintiff,<br><br>  - against -<br><br>ERIKA OSWALD,<br><br>    Defendant. | CIVIL ACTION - LAW<br><br>**JURY TRIAL DEMANDED**<br><br>No. |

## COMPLAINT

Plaintiff, Raymond Merriman, by his attorneys, the Dyller Law Firm, Barry H. Dyller, Esq., and Matthew L. Clemente, Esq., for his Complaint, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises out of violations of 42 U.S.C. § 1983 and the common law.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the defendant resides in this State and this judicial district, and because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## THE PARTIES

3. Currently and all times relevant hereto, plaintiff Raymond Merriman ("Mr. Merriman") was a resident of Wilkes-Barre, Pennsylvania.

4. Defendant Erika Oswald ("Oswald") is a police officer.

5. Upon information and belief, at the time of the incident described below, defendant Oswald was employed by the Wilkes-Barre City Police Department.

6. Upon information and belief, the defendant is a resident of the Commonwealth of Pennsylvania.

## BACKGROUND

Oswald's Unreasonable
Seizure of Mr. Merriman

7. On or about October 26, 2019, at approximately 12 a.m., after leaving work, plaintiff Raymond Merriman went to a Turkey Hill Minit Market in Wilkes-Barre, Pennsylvania, in order to access an ATM.

8. While Mr. Merriman was using the ATM, a man approached him bleeding profusely from his arm.

9. Mr. Merriman, who had emergency medical training, began administering first aid.

10. Mr. Merriman removed his jacket and utilized it as a tourniquet to attempt to stop the bleeding.

11. As he was administering first aid, the police, including defendant Erika Oswald, arrived on scene.

12. Defendant Oswald ordered Mr. Merriman to stop performing first aid on the injured man.

13. Mr. Merriman asked if the police would relieve him and continue to provide the injured man with emergency medical treatment.

14. Defendant Oswald told Mr. Merriman that the police could not help the injured man and that the police would need to wait for an ambulance to arrive.

15. Mr. Merriman informed defendant Oswald that, based on his training, he was taught to not stop administering first aid until another person trained in emergency medical treatment relieved him.

16. At that time, Mr. Merriman turned his back on defendant Oswald to continue to administer first aid on the injured man.

17. Mr. Merriman turning his back on defendant Oswald enraged her.

18. Defendant Oswald violently yanked on Mr. Merriman's arm and aggressively spun him around, injuring Mr. Merriman's shoulder.

19. Mr. Merriman stated to defendant Oswald that she had assaulted him and asked why he was being detained.

20. Defendant Oswald responded, along with another officer, by throwing Mr. Merriman to the ground, pressing his face into the ground, and handcuffing him.

21. Defendant Oswald handcuffed Mr. Merriman's wrists so tightly that he began to bleed.

22. Because Mr. Merriman was covered in the injured man's blood, he was later required to undergo HIV testing.

23. The police brought Mr. Merriman to the Wilkes-Barre City Police Station.

24. At the police station, defendant Oswald finally informed Mr. Merriman that she would cite him with disorderly conduct.

Oswald Threatens Mr. Merriman
<u>With More Serious Charges</u>

25. Knowing that he was not guilty of disorderly conduct and had not violated any laws, Mr. Merriman requested to speak with an attorney.

26. Defendant Oswald refused to allow Mr. Merriman to contact an attorney.

4

27. Defendant Oswald told Mr. Merriman that if he contacted an attorney, she would bring more serious charges against him.

28. Specifically, defendant Oswald threatened that she would bring misdemeanor changes against him.

29. After being threatened with more serious charges, Mr. Merriman called his father rather than an attorney.

30. Mr. Merriman informed defendant Oswald that he intended to plead not guilty to the summary citation and asked if she would hold it against him if he were to retain counsel.

31. Defendant Oswald again threatened that if Mr. Merriman were to retain counsel, she would bring more serious charges against him, but if he did not seek counsel she might withdraw the frivolous charges.

32. Consistent with her earlier threat, defendant Oswald filed a citation against Mr. Merriman for disorderly conduct, pursuant to 18 Pa.C.S.A. § 5503(a)(4), falsely alleging that Mr. Merriman intended to create a public inconvenience, annoyance or alarm and created a hazardous or physically offensive condition.

Charges Dropped Without a Hearing

33. On January 30, 2020, Mr. Merriman was scheduled for a summary trial before Magisterial District Judge Thomas F. Malloy, Sr.

34. Notwithstanding defendant Oswald's threats, Mr. Merriman retained counsel for the summary trial.

35. Prior to the hearing, Mr. Merriman's counsel provided the District Judge with a letter and memorandum of law relating to 18 Pa.C.S.A. § 5503(a)(4).

36. Defense counsel's memorandum of law set forth the elements of disorderly conduct pursuant to 18 Pa.C.S.A. § 5503(a)(4).

37. Defense counsel's letter explained that none of the elements of disorderly conduct pursuant to 18 Pa.C.S.A. § 5503(a)(4) were present and requested that the District Court dismiss the citation without a hearing as the defendant Oswald lacked probable cause for the citation.

38. Defense counsel's letter further indicated that Mr. Merriman possessed a video of the incident for the District Court's review in support of Mr. Merriman's motion to dismiss the citation.

39. When the district court called Mr. Merriman's case for trial, defendant Oswald indicated that she reviewed defense counsel's submissions and would withdraw the citation.

40. Defendant Oswald stated that she knew the law relating to disorderly conduct pursuant to 18 Pa.C.S.A. § 5503(a)(4), apparently acknowledging that she understood that the citation was frivolous.

41. As a result, the citation against Mr. Merriman was dismissed without a hearing.

Damages

42. As a result of defendant Oswald's violation of Mr. Merriman's Constitutional rights, Mr. Merriman suffered substantial injuries and damage.

## COUNT ONE
(42 U.S.C. § 1983: False Arrest)

43. The plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 as if fully repeated herein.

44. Defendant Oswald arrested, detained and seized Mr. Merriman without probable cause, in violation of Mr. Merriman's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

45. Defendant Oswald's conduct therefore was a deprivation, under color of state law, of rights guaranteed to Mr. Merriman under the Fourth and Fourteenth Amendments of the United States Constitution.

46. As a result of defendant Oswald's violation of Mr. Merriman's Constitutional rights, Mr. Merriman suffered substantial injuries and damage.

## COUNT TWO
(42 U.S.C. § 1983: Excessive Force)

47. The plaintiff repeats and realleges each and every allegation contained in paragraphs 1 though 46 as if fully repeated herein.

48. Defendant Oswald's use of force as set forth above constituted an unreasonable seizure under the Fourth and Fourteenth Amendments of the United States Constitution.

49. Defendant Oswald's conduct therefore was a deprivation, under color of state law, of rights guaranteed to Mr. Merriman under the Fourth and Fourteenth Amendments of the United States Constitution.

50. As a result of defendant Oswald's violation of Mr. Merriman's Constitutional rights, Mr. Merriman suffered substantial injuries and damage.

## COUNT THREE
(42 U.S.C. § 1983: Malicious Prosecution)

51. The plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 50 as if fully repeated herein.

52. Defendant Oswald initiated a criminal proceeding against Mr. Merriman, resulting in his arrest and prosecution.

53. Defendant Oswald initiated such criminal proceedings with malice or for an improper purpose.

54. The criminal proceedings terminated in favor of Mr. Merriman.

55. Defendant Oswald's initiation of the criminal proceedings against Mr. Merriman proximately caused damage to Mr. Merriman.

56. Defendant Oswald physically seized Mr. Merriman.

57. Defendant Oswald's conduct therefore was a deprivation, under color of state law, of rights guaranteed to Mr. Merriman under the Fourth and Fourteenth Amendments of the United States Constitution.

58. As a result of defendant Oswald's violation of Mr. Merriman's Constitutional rights, Mr. Merriman suffered substantial injuries and damage.

## COUNT FOUR
(42 U.S.C. § 1983: First Amendment Retaliation)

59. The plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58 as if fully repeated herein.

60. Defendant Oswald used force against Mr. Merriman and charged him with a crime in retaliation for his exercise of free speech, i.e., stating that he was taught not to stop administering first aid until relieved by someone trained in emergency first aid, and also questioning defendant Oswald about why she assaulted him and why she detained him.

61. Defendant Oswald retaliated against Mr. Merriman for engaging in constitutionally protected speech.

62. Defendant Oswald's retaliatory action was sufficient to deter a person of ordinary firmness from exercising his constitutional rights.

63. Defendant Oswald's retaliatory action against Mr. Merriman proximately caused damage to Mr. Merriman.

64. Defendant Oswald's conduct therefore was a deprivation, under color of state law, of rights guaranteed to Mr. Merriman under the First and Fourteenth Amendments of the United States Constitution.

65. As a result of defendant Oswald's violation of Mr. Merriman's Constitutional rights, Mr. Merriman suffered substantial injuries and damage.

## COUNT FIVE
(Assault)

66. The plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 65 as if fully repeated herein.

67. Defendant Oswald intended to put Mr. Merriman in reasonable and immediate apprehension of a harmful or offensive contact with his body.

68. As a result of defendant Oswald's actions, Mr. Merriman was put in reasonable and immediate apprehension of such contact.

## COUNT SIX
(Battery)

69. The plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 68 as if fully repeated herein.

70. Defendant Oswald committed the acts described above with the intent to cause harmful or offensive contact with Mr. Merriman's body and/or with the intent to put Mr. Merriman in reasonable and immediate apprehension of a harmful or offensive contact with his body.

71. Defendant Oswald's actions resulted in a harmful and/or offensive contact with Mr. Merriman's body.

## **COUNT SEVEN**
(False Arrest and False Imprisonment)

72. The plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 71 as if fully repeated herein.

73. Defendant Oswald, without any probable cause or legal justification, detained Mr. Merriman.

74. As a result of defendant Oswald's false arrest and false imprisonment of Mr. Merriman, he suffered substantial injuries and damage.

## **COUNT EIGHT**
(Malicious Prosecution)

75. The plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 74 as if fully repeated herein.

76. Defendant Oswald caused criminal proceedings to be initiated against Mr. Merriman, resulting in Mr. Merriman's arrest.

77. Defendant Oswald caused criminal proceedings to be initiated without probable cause.

78. Defendant Oswald initiated such criminal proceedings with malice.

79. The criminal proceedings terminated in the favor of Mr. Merriman.

80. Defendant Oswald's initiation of the criminal charges against Mr. Merriman proximately caused damage to Mr. Merriman.

**WHEREFORE**, the plaintiff demands judgment as follows:

A. For each Count, an amount to be determined at trial, including punitive damages and interest;

B. For the plaintiff's attorneys' fees, pursuant to 42 U.S.C. §1988;

C. For the costs and disbursements incurred in this action; and

D. For such other and further relief as the Court deems just and proper.

DYLLER LAW FIRM

<u>/s/ Barry H. Dyller</u>
PA Bar: 65084
Gettysburg House
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860

MATTHEW L. CLEMENTE, ESQ.

<u>/s/ Matthew L. Clemente</u>
PA Bar: 318611
39 South Main Street
Pittston, PA 18640
(570) 266-8986

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.