# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND MERRIMAN, | |
| Plaintiff, | CIVIL ACTION NO. 3:20-cv-00617 |
| v. | (SAPORITO, M.J.) |
| ERIKA OSWALD, | |
| Defendant. | |

## MEMORANDUM

This federal civil rights action commenced when the plaintiff, Raymond Merriman, appearing through counsel, filed the complaint in this action on April 14, 2020. (Doc. 1.) The defendant, Erika Oswald, also appearing through counsel, has filed a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim. (Doc. 8.) The motion is fully briefed and ripe for decision. (Doc. 9; Doc. 10; Doc. 13.)

### I. FACTUAL ALLEGATIONS

In the early hours of October 26, 2019, Raymond Merriman went to a Wilkes-Barre convenience store to use an ATM after leaving work. While using the ATM, Merriman was approached by a man who was bleeding profusely from his arm. Merriman, who had emergency medical training, began administering first aid. He removed his jacket and used

it as a tourniquet to attempt to stop the bleeding.

As Merriman was administering first aid, police officers—including the defendant, Erika Oswald—arrived on scene. Oswald ordered Merriman to stop performing first aid on the injured man. Merriman asked if the police would relieve him and continue to provide emergency medical treatment to the injured man. Oswald told Merriman that the police could not help the injured man and would need to wait for an ambulance to arrive. Merriman told Oswald that he had been taught not to stop administering first aid until another person trained in emergency medical treatment relieved him. Merriman then turned his back on Oswald to continue to administer first aid to the injured man.

Enraged by Merriman turning his back on her, Oswald violently yanked on Merriman's arm and aggressively spun him around, injuring his shoulder. Merriman stated to Oswald that she had assaulted him and asked why he was being detained. Oswald responded, along with another officer, by throwing Merriman to the ground, pressing his face into the ground, and handcuffing him. Merriman's wrists were handcuffed so tightly that he began to bleed.

The police brought Merriman to the Wilkes-Barre police station,

where Oswald told him that he would be cited for the summary offense of disorderly conduct. Merriman requested to speak with an attorney. Oswald refused to allow him to contact an attorney and told him that, if he contacted an attorney, she would bring more serious misdemeanor charges against him. After being threatened with more serious charges, Merriman called his father instead of an attorney.

Merriman informed Oswald that he intended to plead not guilty and asked if she would hold it against him if he retained an attorney. Oswald threatened once again that she would bring more serious charges if Merriman retained an attorney, and she suggested that she might withdraw the charges if he did not seek counsel. Consistent with these threats, Oswald issued Merriman a citation for the summary offense of disorderly conduct.[1]

Merriman was scheduled for a summary trial before a state magisterial district judge on January 30, 2020. Notwithstanding Oswald's threats, Merriman retained counsel to defend him. Prior to the

---

[1] The charging statute provides that "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly create a risk thereof, he . . . creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa. Cons. Stat. Ann. § 5503(a)(4).

hearing, Merriman's defense counsel provided the state magisterial district judge with a letter and a memorandum of law arguing that none of the elements of the charged offense were present in that case, and he requested that the citation be dismissed without a hearing because Oswald lacked probable cause to issue the citation. The letter further advised that defense counsel had a video recording of the incident for the state court's review as well.

When the state court called the case for summary trial on January 30, 2020, Oswald advised the state court that she had reviewed the submissions by defense counsel and would withdraw the citation. The citation was then dismissed without a hearing.

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir.

2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

### III. DISCUSSION

The plaintiff's eight-count complaint has asserted several federal civil rights claims and related state-law tort claims. In Counts One, Two,

and Three, the plaintiff has asserted § 1983 false arrest, excessive force, and malicious prosecution claims, alleging that Oswald's conduct violated his Fourth and Fourteenth Amendment rights. In Count Four, the plaintiff has asserted a § 1983 retaliation claim, alleging that Oswald's conduct was in retaliation for his constitutionally protected exercise of free speech, in violation of his First and Fourteenth Amendment rights. In Counts Five, Six, Seven, and Eight, the plaintiff has asserted common law tort claims for assault, battery, false arrest or imprisonment, and malicious prosecution. For relief, the plaintiff seeks an unspecified amount of compensatory and punitive damages, plus attorney fees and costs of suit.

The defendant now seeks partial dismissal of this action. First, she seeks dismissal of the plaintiff's § 1983 false arrest, excessive force, and malicious prosecution claims to the extent they are based on the Fourteenth Amendment rather than the Fourth Amendment. Second, she seeks dismissal of the plaintiff's § 1983 malicious prosecution claim on the ground that the plaintiff suffered no cognizable deprivation of

liberty as a result of legal proceedings.[2] Third, she seeks dismissal of the plaintiff's § 1983 retaliation claim on the ground that the allegedly retaliatory conduct was caused by the plaintiff's refusal to comply with the defendant's commands, not his speech. Finally, she seeks dismissal of all federal civil rights claims on qualified immunity grounds.

### A. References to the Fourteenth Amendment

The defendant seeks dismissal of Counts One, Two and Three to the extent they rely on the Fourteenth Amendment, arguing that the Fourth Amendment is the proper and exclusive vehicle for the plaintiff's § 1983 false arrest, excessive force, and malicious prosecution claims.

It is undoubtedly true that "it is the Fourth Amendment, not the Fourteenth Amendment, which is the proper vehicle for addressing any unlawful pretrial deprivations of liberty incidental to criminal

---

[2] Initially, the defendant also argued that the plaintiff's common law malicious prosecution claim should be dismissed on the same basis, but she later expressly withdrew that argument in her reply brief. (Doc. 13, at 6 n.3.) *See generally Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000) (reciting the elements of a Pennsylvania common law malicious prosecution claim, which do not include a deprivation of liberty); *Thomas v. City of Philadelphia*, 290 F. Supp. 3d 371, 379 (E.D. Pa. 2018) ("A malicious prosecution claim under Pennsylvania law requires a plaintiff to show all but the fifth element [of a § 1983 malicious prosecution claim] (deprivation of liberty).").

proceedings. *Meketa v. Kamoie*, 955 F. Supp. 2d 345, 365 (M.D. Pa. 2013) (citing *Crouse v. S. Lebanon Twp.*, 668 F. Supp. 2d 664, 674 (M.D. Pa. 2009)). As the defendant notes in her briefs, this is the "more specific provision" or "explicit source rule," derived from the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266 (1994). *See Meketa*, 95 F. Supp. 2d at 365. Moreover, "[t]his rule has been extended to preclude both procedural and substantive due process claims where the rights underlying the same are derived from and otherwise protected by the Fourth Amendment." *Id.*

But the plaintiff here does not assert either procedural or substantive due process claims. He has explicitly brought these claims under the Fourth Amendment, referencing the Fourteenth Amendment only to recognize that the Fourth Amendment—which applies on its face to the federal government only—was incorporated against the states later by operation of the Fourteenth Amendment's due process clause. *See Williams v. Papi*, 30 F. Supp. 3d 306, 311–12 (M.D. Pa. 2014). This is the "incorporation doctrine," and its invocation is entirely appropriate in this context. *See id.* Thus, the defendant's argument is not well taken.

## B. § 1983 Malicious Prosecution Claim

The defendant seeks the dismissal of Count Three, asserting a § 1983 malicious prosecution claim, on the ground that the plaintiff has failed to allege a cognizable deprivation of liberty as a result of legal proceedings.

To state a § 1983 claim for malicious prosecution under the Fourth Amendment, a plaintiff must show that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016).

Here, Oswald contends that the complaint has failed to allege facts to satisfy the fifth element—whether Merriman suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. She argues that his arrest and detention *preceded* issuance of a citation for disorderly conduct, and thus it could not have occurred

*as a consequence* of the citation.³

In response, the plaintiff cites to a state rule of criminal procedure providing that legal proceedings in a summary case may be initiated by the arrest itself, prior to issuance of a citation or filing of a complaint. *See* Pa. R. Crim. P. 400(4) (providing that criminal proceedings in summary cases may be instituted by "arresting without a warrant when arrest is specifically authorized by law"). The plaintiff does not identify a specific law that authorized his arrest, thereby triggering the commencement of legal proceedings under Rule 400(4), but we note that Pennsylvania law authorizes warrantless arrests for non-violent disorderly conduct. *See* 42 Pa. Cons. Stat. Ann. § 8902(a)(1); *Commonwealth v. Williams*, 568 A.2d 1281 (Pa. Super. Ct. 1990). At this, the pleadings stage, we find the facts alleged sufficient to plausibly state a § 1983 malicious prosecution claim.

### C. § 1983 Retaliation Claim

The defendant seeks the dismissal of Count Four, asserting a § 1983 retaliation claim, on the ground that the allegedly retaliatory

---

³ The parties do not dispute that the issuance of a summary citation and subsequent requirement to attend a summary trial, without more, does not constitute a "seizure" in a 42 U.S.C. § 1983 malicious prosecution action. *See DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005).

conduct was caused by the plaintiff's refusal to comply with Oswald's commands, not by his speech.

"In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

Here, the defendant challenges the sufficiency of the complaint on the third element only, arguing that her arrest and detention of the plaintiff was caused not by his statements or his questioning of Oswald's actions, but by his refusal to comply with Oswald's commands to stop administering first aid to the injured man. But a plaintiff need only plead "a causal link between the constitutionally protected conduct and the retaliatory action." *Id.* At this, the pleadings stage, we are obliged to accept Merriman's factual allegations as true and to draw reasonable inferences regarding causation in his favor. *See Conard v. Pennsylvania State Police*, 902 F.3d 178, 184 (3d Cir. 2018). Based on the sequence of events alleged in the complaint, all of which occurred within a very short

timeframe, we find it reasonable to infer that the allegedly retaliatory action by Oswald may have been caused by Merriman's exercise of free speech—his questioning of Oswald's command to discontinue first aid, his questioning of her use of force against him and his arrest, and his requests to contact an attorney and subsequent statements about retaining an attorney. *See generally Nieves v. Bartlett*, 139 S. Ct. 1715, 1725 (2019) (articulating standards for § 1983 retaliatory arrest claims); *Feliz v. Kintock Grp.*, 297 Fed. App'x 131, 137 (3d Cir. 2008) (recognizing that the "right to hire and consult an attorney is protected by the First Amendment's guarantee of freedom of speech, association and petition"); *Abrams v. Walker*, 307 F.3d 650, 654 (7th Cir. 2002) (collecting cases describing First Amendment protection of a citizen's right to reasonably criticize police officers), *abrogated on other grounds by Spiegla v. Hull*, 371 F.3d 928 (7th Cir. 2004). The defendant's contrary interpretation of these same facts may also be reasonable, but a plaintiff is simply not required to *disprove* alternative explanations for the defendant's conduct at the pleading stage. *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 497 (W.D. Pa. 2011).

**D. Qualified Immunity**

The defendant has also interposed a defense of qualified immunity with respect to the plaintiff's § 1983 claims. In support, she argues only that it would not be clear to a reasonable police officer that Merriman did not engage in disorderly conduct.

In the context of § 1983 false arrest, malicious prosecution, and retaliation claims,[4] it is well established that a police officer who "reasonably but mistakenly conclude[s] that probable cause is present" is entitled to qualified immunity. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991). But as the Third Circuit has cautioned, "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 Fed. App'x 788, 791 n.3 (3d Cir. 2009) (per

---

[4] The absence of probable cause is an element of the plaintiff's § 1983 false arrest claim (Count One), *see Fisher v. Matthews*, 792 F. Supp. 2d 745, 776 (M.D. Pa. 2011), his § 1983 malicious prosecution claim (Count Three), *see Curry*, 835 F.3d at 379, and his § 1983 retaliation claim (Count Four), *see Nieves*, 139 S. Ct. at 1724–25. However, the absence of probable cause is not at issue in the plaintiff's § 1983 excessive force claim (Count Two). *See Snell v. City of York*, 564 F.3d 659, 672–73 (3d Cir. 2009); *Clifton v. Borough of Eddystone*, 824 F. Supp. 2d 617, 630 (E.D. Pa. 2011). The defendant's briefs do not explicitly acknowledge this distinction, but we note that her qualified immunity argument is based solely on the probable cause issue.

curiam). This is one those cases. Taking the allegations of the complaint as true, viewing them in the light most favorable to the plaintiff, we find dismissal on qualified immunity grounds at this time is inappropriate. The defendant is free to raise this qualified immunity defense again at summary judgment or at trial, if supported by the evidence.

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss will be denied, and the action will be permitted to proceed. The defendant will be directed to answer the complaint.

An appropriate order follows.

Dated: March 18, 2021        *s/Joseph F. Saporito, Jr.*
                             JOSEPH F. SAPORITO, JR.
                             United States Magistrate Judge